IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES WYNN,

                        Plaintiff,

   v.                                              OPINION and ORDER

HEATHER ADAMS,                           23-cv-364-jdp

                        Defendant.

---

At the second final pretrial conference on November 6, the court ruled that defendant could introduce evidence of plaintiff's past incidents of self-harm, so long as the mode of harm was similar to the penis laceration at issue in this suit. The court has reconsidered its ruling and will limit evidence of plaintiff's self-harm.

At the hearing, the court reasoned that the evidence of self-harm showed absence of mistake or lack of accident, which would support the defense theory that the penis injury was self-inflicted. Absence of mistake or lack of accident are permitted purposes under Rule 404(b) of the Federal Rules of Evidence. But it's not enough that the other acts evidence serves a permitted purpose. The other acts evidence must be connected to that purpose though a propensity-free chain of reasoning. *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). After giving the question more thought, the court concludes that plaintiff's history of self-harm tends to show absence of mistake only because it shows that he has a propensity to harm himself. Plaintiff's history of self-harm is thus inadmissible under *Gomez*.

Even if there were some proper propensity-free chain of reasoning, the court would then have to consider whether the probative value of the self-harm evidence is substantially outweighed by the risk of unfair prejudice and exclude the evidence if the risk is too great. *Id.*

The risk of unfair prejudice is overwhelming. The history of self-harm is relevant because it shows that plaintiff is sometimes willing to harm his own genitals. But if the jury were to learn about plaintiff's history of genital self-harm, the jury would be unable to set aside such powerful propensity evidence, regardless of any limiting instruction.

    The court will allow the self-harm evidence if plaintiff testifies at trial that he would never harm his own genitals. If that happens, defendant may impeach plaintiff's credibility with evidence of his past self-harm to his genitals. Impeachment is a non-propensity purpose, and if plaintiff opens the door by disclaiming any history or desire to harm his own genitals, the resulting prejudice is not unfair.

    Entered November 7, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge